UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIP DALKE,

                    Plaintiff,

                                                    Case No. 15-cv-13394
v.                                                  Honorable Gerald E. Rosen

M. BAYLESS, D. CAMDEN,
MR. ALDRICH, MR. VAN GILDER,
and L. LARIVA,

                    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF INDIANA

This matter has come before the Court on plaintiff Kip Dalke's *pro se* civil rights complaint.  Plaintiff is an inmate at the Federal Correctional Institution in Milan, Michigan.  The defendants are:  M. Bayless, a discipline hearing officer at the Federal Correctional Institution in Terre Haute, Indiana; L. LaRiva, the warden at the Terre Haute prison; and three correctional officers employed at the Terre Haute prison and identified as D. Camden, Mr. Aldrich, and Mr. Van Gilder.

The complaint concerns a disciplinary incident report that was issued against Plaintiff in 2014.  Plaintiff contends that prison officials violated a program statement and prison policy when they charged him with misconduct and investigated the incident.  He seeks to have the disciplinary infraction expunged

from his file and all sanctions for the incident, including loss of good conduct time, reversed.

A preliminary question is whether venue is proper in this District.  The proper venue in civil actions is the judicial district where (1) any defendant resides if all the defendants are residents of the State in which the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).  Public officials sued in their official capacities "reside" in the judicial district where they maintain their official residence or perform their official duties.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  For the convenience of parties and witnesses and in the interest of justice, a district court may transfer a civil case to any district where it could have been brought.  28 U.S.C. §§ 1404(a) and 1406(a).

The events giving rise to Plaintiff's claims occurred at the Federal Correctional Institution in Terre Haute, Indiana where all the defendants are employed.  Terre Haute lies within the geographical confines of the Southern District of Indiana.  *See* 28 U.S.C. § 94(b)(2).  The Court therefore concludes that

the Southern District of Indiana is the proper venue and more convenient forum for this action.   Accordingly,

       IT IS HEREBY ORDERED that the Clerk of the Court shall transfer this case to the Terre Haute Division of the Southern District of Indiana pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a).   The Court has not determined whether Plaintiff  may proceed without prepayment of the fees and costs for this lawsuit.


Dated:  October 14, 2015         s/Gerald E. Rosen
                                Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2015, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135